FILED
U.S. DISTRICT COURT
2008 MAY 19 PM 3:30
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ALPHONSO BURROUGHS,

    Petitioner,

v.

DEBORAH HICKEY, Warden,

    Respondent.

CIVIL ACTION NO.: CV208-006

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Alphonso Burroughs ("Petitioner"), an inmate currently incarcerated at the Federal Correctional Institute in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Government has filed a Response.[1] For the reasons which follow, the petition should be **DENIED**.

Petitioner was convicted of conspiracy to possess with intent to distribute heroin and possession with intent to distribute heroin in the Middle District of Florida. On August 15, 1986, he was sentenced to a term of fifteen (15) years incarceration. (Doc. No. 29, p. 1, n.1). On May 28, 1996, Petitioner was paroled. (Id.). Because Petitioner was subsequently indicted on new federal drug charges, his parole was revoked in May 2002. (Id.). On August 2, 2002, Petitioner was re-paroled, but had it revoked again on June 29, 2005 for parole violations including new drug crimes. (Id.). Petitioner appealed the last parole revocation to the Commission's National Appeals Board, which

---

[1] Petitioner filed the instant petition in the Southern District of Mississippi on August 4, 2006, at which time he was incarcerated at the Federal Correctional Institute in Yazoo City, Mississippi. Because he was subsequently transferred to FCI Jesup, the District Court for the Southern District of Mississippi found that it lacked jurisdiction to consider the petition and transferred the case to this District for consideration. See Doc. No. 29. The Court will therefore consider the petition based upon the pleadings filed in both jurisdictions to date. The Government has declined to file a new brief subsequent to the petition's transfer to this Court, instead opting to request that the Court consider the responsive pleadings filed in the Southern District of Mississippi. See Doc. No. 35.

AO 72A
(Rev. 8/82)

affirmed the decision on December 23, 2005. (Id.). On August 4, 2006, Petitioner filed the instant petition. (Doc. No. 1).

In his application for habeas corpus, Petitioner alleges generally that his due process rights were violated at his parole revocation hearing and by the Commission's ultimate decision. Specifically, Petitioner asserts that: (1) the Commission failed to provide him with notice that the state detective would testify at the revocation hearing, and failed to allow him to cross-examine the detective; (2) the Commission failed to provide him with notice of the alleged new criminal conduct, and failed to disclose certain evidence of the alleged conduct; and (3) that the Commission's ultimate decision to revoke his parole based on the evidence lacked a rational basis. Respondent contends that Petitioner has been afforded all the protections of due process, both at the revocation hearing and in the Commission's decision itself.

## DISCUSSION AND CITATION TO AUTHORITY

In Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), the Supreme Court summarized the requirements of due process applicable to parole revocation hearings. With regard to the hearing itself, it is required that the parolee be provided:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Id. at 489, 92 S. Ct. at 2604. Petitioner claims that several of these procedural standards were not met.

Petitioner contends he was not allowed the opportunity to confront and cross-examine Investigator Ortagus, who testified at his hearing adverse to his interests. Petitioner asserts that subsequent to Detective Ortagus' testimony, Petitioner was removed from the hearing, and that upon his return, the detective was gone, having not been cross-examined. (Doc. No. 2, pp. 3-4). In response, the Government contends that Petitioner was, in fact, given the opportunity to confront and cross-examine Detective Ortagus at the hearing.

The record before this Court contains nothing supporting Petitioner's claim that he was denied the opportunity to confront and cross-examine Detective Ortagus. The evidence establishes that Petitioner was provided with the Parole Commission's Preliminary Interview and Revocation Hearing Form, which explained the purpose and procedure of the revocation hearing. The form, signed by Petitioner, explained that he had "the opportunity to confront and cross-examine an adverse witness." Doc. No. 2-2, p. 6. The Hearing Summary indicates that as to Charge 2 (Conspiracy to Traffic in Cocaine), Petitioner denied the charge, and argued at the hearing that he was neither arrested for nor charged with this crime. (Doc. No. 12-4, p. 2). The Summary details the testimony of Detective Ortagus, and Petitioner's argument in opposition to Ortagus' version of the events in question. There is nothing, in the Hearing Summary or otherwise in the record, to indicate that Petitioner was physically denied the opportunity to confront, cross-examine, or argue in opposition to Detective Ortagus at the revocation hearing.

AO 72A
(Rev. 8/82)

3

In his Reply to the Government's Response on this point, Petitioner argues that his rights were violated because the Commission failed to provide notice of its intent to have Ortagus testify at the hearing. As such, Petitioner's true argument as to Detective Ortagus is that he was not given the constitutionally required "disclosure to the parolee of evidence against him" – i.e., notice that the detective would testify against him at the revocation hearing. Morrissey, 408 U.S. at 489, 92 S. Ct. at 2604. In the same vein, Petitioner contends that the Parole Commission failed to properly disclose the tape recordings of alleged conversations to which he was a party, and Officer Berglund's violation report, affidavit for arrest warrant, and arrest warrant. Even accepting as true these specific allegations, the omissions were harmless. Petitioner was fully apprised prior to the hearing that the government would present evidence that he had conspired to traffic in cocaine in violation of his parole. More specifically, he was informed of allegations that he conspired to purchase two kilograms of cocaine for distribution from Thelonius Prince, and that the government would present evidence that this conspiracy occurred. On the record before this Court, it cannot be concluded that the government's failure to explicitly provide evidentiary information with the specificity Petitioner desired prior to the hearing contributed to the revocation decision. Petitioner has presented no evidence that these alleged deficiencies bore any prejudice to his defense of the charge. Because any error resulting from these omissions was harmless, Petitioner is not entitled to habeas relief.

Petitioner additionally contends that he was not given adequate written notice of the charged violations of his parole. Specifically, with regard to Charge Number 2 (conspiracy to traffic in cocaine), Petitioner alleges that he was not fully advised of the

specific statute he was alleged to have violated. Petitioner asserts that this deprived him of the ability to adequately prepare his defense.

Due process requires that a parolee be provided with "written notice of the claimed violations of parole." Morrissey, 408 U.S. at 489, 92 S. Ct. at 2604. The record indicates that Petitioner was given a packet prior to the revocation hearing. (Doc. No. 12-3, pp. 15-16). Contained therein, among other things, were the following: (1) the warrant application, which identified the violation date and detailed the factual basis of the alleged conspiracy to traffic in cocaine; (2) a preliminary interview summary, which also reviewed the charges and the factual basis therefore. Petitioner relies heavily on a Ninth Circuit case, United States v. Havier, 155 F.3d 1090 (9th Cir. 1998), for the supposed proposition that notice of the claimed parole violation is deficient without reference to the specific statute alleged to have been violated. Havier, however, actually holds that where the alleged violation is a new crime, notice should include the specific statute involved *only* where "the offense being charged is not evident . . . ." Id. at 1093. Despite the lack of citation to a specific statute in the notice provided here, the phrase "conspiracy to traffic in cocaine" gave adequate notice of the new crime. Petitioner was put on reasonable notice of the alleged violation he faced under these circumstances.

Accordingly, it is my **RECOMMENDATION** that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED** this 19th day of May, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

5